Arthur P. Sumner, Executor, *vs.* Providence Institution for Savings.

NOVEMBER 15, 1907.

Present:   Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Probate Law. Payment of Bank Deposits to Personal Representative within the Forty Days following Appointment.*

An executor or administrator may within the forty days after his appointment, from which no appeal has been taken, require the payment to him of bank accounts standing in the name of deceased.

Assumpsit.   Certified to Supreme Court under C. P. A., § 478.

Blodgett, J.   The plaintiff, as the executor of the will of Mary E. Sayles, has brought this action of assumpsit for money had and received, to recover the amount of the deposit of his testatrix in the defendant bank. The defendant has pleaded specially, setting forth a savings bank account with the deceased extending for many years prior to her decease, and on which the withdrawals at no time exceeded the accrued interest, and finally averring: "That the said Mary E. Sayles died in the City of Providence in said county, on the Eighth day of March, A. D. 1907, leaving a last will and testament which was admitted to probate and letters testamentary

granted to the plaintiff as the executor thereof, by the Municipal Court of said city on the fifth day of April, 1907; and this action was commenced within forty days thereafter."

To this plea the plaintiff has demurred, and under the provisions of section 478 of the court and practice act the two following questions have been certified by the Superior Court to this court for determination:

" 1. Can an executor or administrator within forty days after his appointment from which no appeal has been taken, require payment to him of a bank account or any part thereof standing in the name of the deceased?

" 2. In answering the first question does it make any difference that the account is one in a savings bank amounting to about $1,500 and which has stood in the name of the deceased for many years and from which the withdrawals have always been less than the amount of the dividends credited since the next previous withdrawal?"

It was conceded at the argument, as indeed it is fairly implied in the demurrer, that no appeal from the action of the Municipal Court in these respects has ever been taken; and thus the answer to the first question depends upon the construction of section 853 of the court and practice act, which is as follows:

"SEC. 853. All persons making or permitting to be made any payment or transfer *bona fide* upon any official certificate of appointment of any executor, administrator, or guardian, issued by the probate court in respect of the estate of any deceased person or ward, shall be justified and held harmless in so doing, notwithstanding any defect or circumstance whatsoever affecting the validity of such appointment: *Provided*, that the transfer of personal property or stock or rights of action is not made within forty days from an order or decree granting letters testamentary, of administration, or of guardianship, nor while an appeal is pending from such order or decree."

(1) It will be observed that the language in the first part of the section includes "any payment or transfer," while the language of the proviso not only omits the word "payment," but limits

the transfers therein named to (1) "personal property," (2) "stock," and (3) "rights of action."

The difference in the language used at once suggests a difference in the intention of the legislature in this respect. A payment implies a debt, a creditor, and an extinguishment of the obligation, while a transfer signifies primarily a change of title only. This distinction may be illustrated by a consideration of the different relation which an executor sustains to a creditor of the estate, and to a legatee who has received a specific bequest of certain stock and whose legacy is not satisfied by the payment of a sum of money, but who is entitled to have his bequest transferred to him in specie. Again, the "all persons" who are referred to in the first clause in connection with the word "payment" can only be those who make payment *to* the estate; since the expression of protection would be meaningless if applied to those who might receive payment *from* the estate, even if another provision of the statute did not postpone the rights of creditors for a longer period than forty days.

But it may well be that the legislature has thought it proper to confer upon executors and other officers therein named, immediately upon their appointment and qualification, the same power to collect, receive, and hold assets of the estate which are commonly given to every conservator and custodian, and which are expressly given by sections 807 and 809 of the court and practice act, even after an appeal has been taken, and yet has thought it wise to prevent any distribution of assets to heirs at law, or payment of legacies to legatees within the enumerated classes, until the time for appeal has expired.

We therefore answer the first question in the affirmative.

We see no reason for making any modification of our answer to the first question in favor of a savings bank or of accounts of the nature of the one set forth in the second question submitted.

An order may be entered certifying our answers to these questions and remanding the papers to the Superior Court, with direction to sustain the demurrer.

*Arthur P. Sumner,* for plaintiff.

*Tillinghast & Tillinghast,* for defendant.